UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CAROLYN O'NEAL                              CIVIL ACTION NO. 19-cv-1328

VERSUS                                       CHIEF JUDGE HICKS

DEPUY SYNTHES SALES, INC., ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Carolyn O'Neal ("Plaintiff") filed this civil action for damages related to a knee replacement. Plaintiff filed the suit in this court on the basis of diversity jurisdiction, which puts the burden on her to allege specific facts that show complete diversity of citizenship of the parties and an amount in controversy over $75,000. The allegations in the complaint are sufficient to establish the requisite amount in controversy. However, the complaint is lacking with respect to the citizenship of several of the parties.

The complaint states that Plaintiff is a resident of Louisiana. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "an allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" Midcap Media Finance, LLC v. Pathway Data, Inc., 929 F.3d 310, 313 (5th Cir. 2019), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888, 889 (5th Cir. 1984). A person may reside in multiple states simultaneously, but "[a]n individual who resides in more than one State is regarded, for purposes of federal subject-matter (diversity) jurisdiction, as a citizen of but one State." Wachovia Bank v. Schmidt, 126 S. Ct. 941, 951 (2006). That is the state in which the person is domiciled. Id.; Acridge v. Evangelical Lutheran Good Samaritan

Soc., 334 F.3d 444, 451 (5th Cir. 2003).  Plaintiff will need to file an amended complaint that alleges her state of domicile.

Paragraph 18 of the complaint states that defendant DePuy Ireland Unlimited Company "is a company and citizen of Ireland" with its principal place of business in Ireland.  Paragraph 20 states that defendant DePuy Synthes Johnson & Johnson Ireland Ltd. "is an entity doing business and organized in Ireland" with its principal place of business in Ireland.

The complaint does not specify the form of entity of either foreign company.  To avoid any doubt about subject-matter jurisdiction, Plaintiff should include in an amended complaint—or Defendants may include in their responses—specific allegations with respect to the form of entity of these two defendants.  If they are corporations or juridical entities under Irish law, the allegations regarding their citizenship are sufficient.  If either is an unincorporated organization akin to a partnership or LLC, its citizenship must be alleged in accordance with the rules set forth in Rodidaco, Inc. v. Chesapeake Energy Louisiana Corp, 2018 WL 3551525 (W.D. La. 2018).  The rules regarding diversity jurisdiction and foreign entities can be found in Stiftung v. Plains Mktg., L.P., 603 F.3d 295 (5th Cir. 2010) and Elisabeth C. Butler, Diversity Jurisdiction and Juridical Persons: Determining the Citizenship of Foreign-Country Business Entities, 97 Tex. L. Rev. 193 (2018).

Paragraph 37 of the complaint states, "Venue in the Middle District of Louisiana is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Middle District of Louisiana. . .."  Plaintiff will need

to file an amended complaint if she wishes to allege that this court, the Western District of Louisiana, is the proper venue for this civil action. If the Middle District is the proper venue, a change of venue may be required.

The deadline for Plaintiff to file the amended complaint with respect to her own citizenship and the proper venue for the case is **November 4, 2019**. However, because Plaintiff's counsel may not have access to information regarding the citizenship of the two Irish companies at this stage in the proceedings, the court will not set a deadline for amending the complaint with regard to those defendants. Once counsel for Plaintiff has had an opportunity to confer with counsel for Defendants, Plaintiff will need to file an amended complaint that properly alleges the form and citizenship of those entities. Alternatively, Defendants may include that information in their answer. Ultimately, it is Plaintiff's burden to ensure the required jurisdictional facts are in the record.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of October, 2019.

Mark L. Hornsby
U.S. Magistrate Judge